# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
TOZZI, CELTNIEKS, and BURTON
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Sergeant ANDREW D. GRIFFITH**
**United States Army, Appellant**

ARMY 20150195

Headquarters, 1st Cavalry Division
Kenneth W. Shahan, Military Judge
Colonel Alison C. Martin, Staff Judge Advocate (pretrial)
Lieutenant Colonel Oren H. McKnelly, Staff Judge Advocate (post-trial)

For Appellant:  Lieutenant Colonel Charles D. Lozano, JA; Captain Heather Tregle, JA; Captain Michael A. Gold, JA (on brief).

For Appellee:  Lieutenant Colonel A.G. Courie, III, JA; Captain Christopher A. Clausen, JA (on brief).

26 July 2016

----------------------------------
SUMMARY DISPOSITION
----------------------------------

TOZZI, Senior Judge:

A military judge sitting as a special court-martial convicted appellant, contrary to his pleas, of one specification of conspiracy to obstruct justice, and one specification of wrongful use of marijuana, in violation of Articles 81 and 112a Uniform Code of Military Justice, 10 U.S.C. §§ 881 and 912a (2012) [hereinafter UCMJ].  The military judge sentenced appellant to a bad-conduct discharge, confinement for three months, and reduction to the grade of E-1.  The convening authority approved the findings and sentence as adjudged.

This case is before us for review pursuant to Article 66, UCMJ.  Appellant raises one allegation of error which merits discussion and relief.  The matters raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982) are

without merit.[*] Appellant asks this court to provide appropriate relief to remedy the dilatory post-trial processing of his case. We agree that relief is appropriate in this case and grant thirty days confinement credit.

## LAW AND DISCUSSION

The convening authority took action 198 days after the sentence was adjudged, 181 of which are attributable to the government. It took forty-three additional days after convening authority action for this court to receive the record of trial. The record in this case consists of three volumes and the trial transcript is 276 pages. The government provided no explanation for this delay.

Although we find no due process violation in the post-trial processing of appellant's case, we must still review the appropriateness of the sentence in light of the dilatory post-trial processing. UCMJ art. 66(c); *United States v. Tardif*, 57 M.J. 219, 224 (C.A.A.F. 2002) ("[Pursuant to Article 66(c), UCMJ, service courts are] required to determine what findings and sentence 'should be approved,' based on all the facts and circumstances reflected in the record, including the unexplained and unreasonable post-trial delay."). *See generally United States v. Toohey*, 63 M.J. 353, 362-63 (C.A.A.F. 2006); *United States v. Ney*, 68 M.J. 613, 617 (Army Ct. Crim. App. 2010); *United States v. Collazo*, 53 M.J. 721, 727 (Army Ct. Crim. App. 2000). We find relief from this court is appropriate as the unexplained delay could "adversely affect the public's perception of the fairness and integrity of military justice system . . . ." *Ney*, 68 M.J. at 617. Thus, we provide relief in our decretal paragraph.

## CONCLUSION

Upon consideration of the entire record, the findings of guilty are AFFIRMED. Given the dilatory post-trial processing, we affirm only so much of the sentence as extends to a bad-conduct discharge, two months and seventeen days of confinement, and a reduction to the grade of E-1. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of his sentence set aside by this decision, are ordered restored. *See* UCMJ arts. 58b(c), and 75(a).

---

[*] Appellant's *Grostefon* matters included an allegation of ineffective assistance of counsel. After reviewing the entire record of trial, we have considered the issue of ineffective assistance of counsel and find no merit. Additionally, during appellant's unsworn statement at trial, he specifically thanked his defense counsel for "doing the best that [they] could [do] for [him]."

Judge CELTNIEKS and Judge BURTON concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court